## Francesco Fiorentino-Concordia No. 454's License

*Anthony Cavalcante* and *M. E. Lizza*, for appellant.

MORROW, J., January 16, 1942.—This is an appeal from the refusal by the Pennsylvania Liquor Control Board to grant a club liquor license to the appellant above named in the City of Connellsville. It is agreed by counsel that the quota of licenses for that city under the Liquor License Quota Act of June 24, 1939, P. L.

806, is 14 and that the number of licenses in effect, exclusive of licenses granted to hotels, as defined in that act, and clubs, is 22.

The act provides: "Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

Appellant, in effect, is asking this court to add in this prohibitory provision the words "and clubs" after the word "hotels", so that new club licenses may be issued, as well as new hotel licenses, without regard to the prohibitory provision. This we do not have a right to do. See opinion of Kun, J., in In re Appeal of Societa' Di Mutuo Soccorso San Rocco, 43 D. & C. 358; opinion of Reno, Attorney General, in In re Club Liquor License Quota, 36 D. & C. 225; opinion of Knight, P. J., Pottstown Veterans Association License, 36 D. & C. 593; opinion (unreported) of Sheeley, J., in In re Appeal of Harrisburg Country Club, Court of Quarter Sessions of Dauphin County, no. 342, January sessions, 1941; and opinion (unreported) of Keller, J., in In re Appeal of Recreation Center Solidarity, Inc., in the Court of Quarter Sessions of Bucks County, no. 24, September term, 1939.

Counsel for appellant have cited the opinion of Wilson, J., in In re License of I. B. P. O. E. of W., etc., 42 D. & C. 222. In this opinion appears the following (p. 227):

"The title of the Quota Act gives no notice of an intention to include clubs, and section 1 specifically considers only 'hotels' and 'persons'. 'Person' is defined in the exact words of the Liquor Act; and the Liquor Act,

by its specific definitions of 'association', 'corporation', and 'club', clearly indicates that 'club' cannot be included in the meaning of either 'association' or 'corporation'. As the distribution of liquor and beverages by clubs is restricted to members, and in the light of the history of and decisions ruling liquor and clubs, wherein such distribution to members was not a technical sale, it is doubtful if 'clubs' 'sell' liquor or beverages to their members. In former times the money passed over the bar of a club was a mere counter of the withdrawal of a member's share in a common stock, and which was used to replenish such stock. We are convinced that the Quota Act does not and was not intended to apply to clubs, and that, if 'club licenses' are included within its provisions, it is unconstitutional, the title being defective and in contravention of article III, sec. 3, of the Constitution."

In our opinion a convincing answer to this line of thought may be found in the opinion of Sherwood, P. J., in In re Seagrave Social Club's License, 37 D. & C. 575, 577, 578. Reference is made to the entire opinion, from which the following is quoted:

"The act in question contains but one subject, which is clearly expressed in its title, to wit, the limitation of the number of licenses for the retail sale of liquor or malt and brewed beverages. The other provisions of the act are germane to its subject.

.     .     .     .     .     .     .

"The Pennsylvania Liquor Control Act authorizes the holders of restaurant, hotel, and club liquor licenses to sell liquor by the glass, etc., and also malt or brewed beverages for consumption on the licensed premises, and, in certain cases, malt or brewed beverages in small quantities for consumption off the licensed premises. This type of sale is a 'retail sale' within the dictionary definition and according to the common and approved usage of the phrase."

Being of the opinion, as indicated above, that the Pennsylvania Liquor Control Board may not grant a new retail license to a club applicant when the number of retail licenses in the City of Connellsville, where the applicant is located, exclusive of hotels as defined in the Liquor License Quota Act of June 24, 1939, P. L. 806, and clubs, exceeds the limit permitted by that act, it becomes unnecessary to pass upon the objection to the granting of the license that was entered by representatives of the Ministerial Association of Connellsville.

## Order

And now, January 16, 1942, it is ordered, adjudged, and decreed that the appeal of Francesco Fiorentino-Concordia No. 454 Order Sons of Italy in America, from the refusal of the Pennsylvania Liquor Control Board to issue to appellant a club liquor license, is dismissed at the cost of appellant.